UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEDRICK NORTHERN,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br><br>*Defendant*. | Civil Action No. 1:25-cv-02459 (UNA) |

### MEMORANDUM OPINION

Before the Court is Plaintiff Shedrick Northern's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Northern's IFP Application and, for the reasons explained below, dismisses his suit.

Northern, a resident of Indiana, alleges that on May 16, 2025, he sought medical care at St. Mary Medical Center in Hobart, Indiana, but was denied care and forcibly discharged by the Hobart Police Department. Compl. at 2. He alleges that after he filed a civil rights complaint about this incident with the United States Department of Health and Human Services Office of Civil Rights ("OCR"), OCR banned him from filing any additional complaints, which Northern contends violates multiple federal laws. *See id.* at 1–2. Northern demands damages, requests referral to the Department of Justice for investigation, and seeks equitable relief "preventing enforcement of the OCR ban." *Id.* at 2. Northern concomitantly filed a Motion for Temporary Restraining Order seeking similar relief. ECF No. 3.

At the outset, the Court notes that Northern is not a "federally protected whistleblower." Compl. at 1. Whistleblowers are generally authorized to bring *qui tam* actions under the False

1

Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). Northern brings his suit *pro se*, and it "well-settled that a *qui tam* action may not be brought by a *pro se* plaintiff." *Walsh v. JPMorgan Chase Bank, NA*, 75 F. Supp. 3d 256, 263 (D.D.C. 2014).

Aside from the whistleblower hurdle, Northern's Complaint also fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). Further, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Because Northern's Complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not satisfy Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Indeed, the Complaint totals 429 pages containing numerous random exhibits that are completely unexplained, contravening D.C. Local Civil Rule 5.1(e), (g). Northern has also since filed additional submissions, containing haphazard blurbs of information and random legal authority, ostensibly intended to amend or supplement the Complaint. *See, e.g.*, First Motion to Take Judicial Notice, ECF No. 4; Second Motion to Take Judicial Notice, ECF No. 6; Notice of Constitutional Challenge, ECF No. 7. But those proposed additions fail to comply with Federal Rule 15(a) or D.C. Local Civil Rule 7(i) or 15(i). *See Whitman v. Dep't of Army*, No. 21-03163,

2023 WL 3844603, at *2 (D.D.C. June 5, 2023) ("Plaintiff's [C]omplaint is not the legal equivalent of a LEGO set, something to be recreated," in such piecemeal fashion).  In short, Northern's Complaint is "too unwieldy to proceed."  *Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024).[1]

As far as his claims can be understood, Northern has failed to state a claim on which relief can be granted.  His contention that the OCR "banned" him from filing complaints is contradicted by his own exhibits, which convey only that he was denied access to send direct emails to certain agency email addresses.  *See* ECF No. 1-1, at 19–20, 120–121, 357–58.  The proper way to file a complaint with OCR is to either submit it through the portal, by mail, or by email to OCRComplaint@hhs.gov, *see* https://www.hhs.gov/civil-rights/filing-a-complaint/complaint-process/index.html (last visited 10/31/2025).[2]  Northern does not allege that he was barred from contacting OCRComplaint@hhs.gov or from going through other approved avenues of communication.  *See generally id.*

Finally, the Court notes that venue is improper.  Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is locate, (2) a district in which a substantial part of the events or omissions giving rise to

---

[1] *See also Unfoldment, Inc. v. Dist. of Columbia*, No. 07-cv-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky v. CIA*, 355 F.3d 661, 668–671 (D.C. Cir. 2004) (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (collecting cases).

[2] The Court may take judicial notice of information available on the official public websites of government agencies.  *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

the claim occurred (or in which a substantial part of the property that is the subject of the action is situated), or (3) a district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Courts must examine the issue of venue carefully "to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). When "the only real connection a lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing" the officials and administrative process forming the basis for a plaintiff's claims, "venue is not appropriate in the District of Columbia." *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 81 (D.D.C. 2009) (quoting *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008)). Northern's suit falls squarely into this category, as all the alleged events occurred in Indiana or Illinois. *See* Compl. at 1–2; Compl. Exhibits at 16, 117, 354.

For the foregoing reasons, this matter is dismissed without prejudice. Northern's Motion for Temporary Restraining Order, ECF No. 3, is denied, and his First Motion to Take Judicial Notice, ECF No. 4, Motion to Refer Case, ECF No. 5, Second Motion to Take Judicial Notice, ECF No. 6, Motion to Expedite Ruling, ECF No. 8, and Motion for CM/ECF Password, ECF No. 9, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

DATE: November 6, 2025

CARL J. NICHOLS
United States District Judge